UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17cv194-FDW

| | |
|---|---|
| CHARLES EVERETTE HINTON, ) </br> ) </br> Petitioner, ) </br> ) </br> vs. ) </br> ) </br> DENNIS DANIELS, ) </br> ) </br> Respondent. ) </br> ) | **ORDER** |

**THIS MATTER** is before the Court upon initial review of Petitioner Charles Everette Hinton's pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court is Petitioner's Motion to Issue Summons and Complaint (Doc. No. 4), Application to Proceed without Prepaying Fees or Costs (Doc. No. 5), and motion for the Court to waive the filing fee and issue the writ (Doc. No. 6).

**I.     BACKGROUND**

Hinton is currently serving a 27-year sentence in North Carolina, stemming from judgments entered in Mecklenburg County Superior Court on April 25, 2012.[1] He, evidently, has decided to ensure employment for countless judges and law clerks in the state and federal courts by filing a seemingly endless stream of lawsuits and petitions.[2] He has filed at least seven prior § 2254 petitions challenging his April 25, 2012 judgments. See Hinton v. Perry, No. 5:15-

---

[1] Petitioner was convicted of a child sex-related offense, felony breaking and entering, and larceny after breaking and entering. He was sentenced as a habitual offender. See N.C. Dep't of Pub. Safety Offender Pub. Info. website, http://webapps6doc.state.nc.us/opi/offendersearch.do?method=list.

[2] According to PACER Case Locator, a national index for U.S. district, bankruptcy, and appellate courts, since 2012, Hinton has filed at least 43 actions in the Eastern and Western Districts of North Carolina alone.

1

hc-02213-D (E.D.N.C. May 20, 2016); Hinton v. McCrory, No. 5:15-HC-2156-FL (E.D.N.C. Dec. 8, 2015); Hinton v. North Carolina, No. 5:14-HC-2136-D (E.D.N.C. May 7, 2015); Hinton v. Unknown Respondent, No. 5:13-HC-2048-F (E.D.N.C. Sept. 9, 2014); Hinton v. Unnamed Respondent, No. 5:13-hc-02230-F (E.D.N.C. Sept. 8, 2014); Hinton v. Cooper, et al., No. 5:13-HC-2099-F (E.D.N.C. Mar. 20, 2014); Hinton v. Daniels, No. 3:13-cv-303-RJC (W.D.N.C. Jun. 10, 2013). Not a single one has made it past initial review under Rule 4 of the Rules Governing Section 2254 Cases, and all rely on the same frivolous legal theories.

Hinton filed the instant Petition for Writ of Habeas Corpus in the Eastern District of North Carolina on March 13, 2017. (Doc. No. 1.) That court transferred it here, where venue is proper, on April 11, 2017. (Doc. No. 8.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides for an express limitation on a petitioner's ability to attack his criminal judgment in a subsequent collateral proceeding. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Hinton has not shown that he has obtained the necessary permission from the Fourth Circuit Court of Appeals to file a successive petition. Accordingly, this Petition must be

2

dismissed.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

Hinton's Application to Proceed without Prepaying Fees or Costs (Doc. No. 5), and motion for the Court to waive the filing fee and issue the writ (Doc. No. 6) shall be denied. Federal law requires that a petitioner seeking habeas review of his state judgment in federal district court pay a filing fee in the amount of $5.00 or obtain leave from the Court to proceed without prepayment of fees and costs.  This is Hinton's seventh (at least) unauthorized § 2254 habeas petition, and there is no indication that he has ever made an attempt to obtain authorization from the Fourth Circuit to file a successive petition.  Instead, he simply files repetitive habeas petitions in the district courts.  The Court finds that this is an abusive practice on Hinton's part that should not be encouraged by allowing him to file free-of-charge.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as an unauthorized, successive § 2254 petition;

2. Petitioner's Motion to Issue Summons and Complaint (Doc. No. 4), Application to Proceed without Prepaying Fees or Costs (Doc. No. 5), and motion for the Court to waive the filing fee and issue the writ (Doc. No. 6) are **DENIED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing

of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: April 21, 2017

Frank D. Whitney
Chief United States District Judge